# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LYDIA RAMIREZ, as special administrator of the estate of JUAN GONZALEZ, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 06 C 7032 |
| v. | )<br>) Judge John W. Darrah |
| JOHN DOES AND JANE ROES 1-20, COOK COUNTY, FREDRICK GUERRA, EDWARD LEGENZA, CITY OF SPRING VALLEY, MATTHEW HEIDEN, WILLIAM SOMMER, and TIM GREENE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lydia Ramirez, brings this case as special administrator of the estate of Juan Gonzalez, deceased, against Defendants, City of Spring Valley, several Spring Valley Police Officers, Cook County and two officers of the Cook County Sheriff's Department. Plaintiff asserts claims for False Arrest, Failure to Intervene and Violation of Due Process and a Monell claim, under 42 U.S.C. § 1983, as well as a claim for indemnification pursuant to 745 ILCS 10/9-102. Both the Spring Valley Defendants and the Cook County Defendants have moved to dismiss.

## BACKGROUND

Juan Gonzalez, a United States citizen, moved to Elgin, Illinois, in 2001, after living for ten years in Puerto Rico. Upon moving to Elgin, Gonzalez discovered, in 2001, that someone had stolen and been using his identity, including his social security number. Gonzalez reported the identity theft to the Department of Public Aid and to the Social Security Administration.

In 1997, an individual using the identity of Gonzalez was arrested in Cook County, Illinois, for attempting to lure an underage person into his vehicle. The individual was charged with child abduction under the name Juan Gonzalez in the case *People v. Gonzalez*, 97 CR 088855. A warrant for his arrest was later issued when he failed to appear in court.

In 2001 and 2002, Juan Gonzalez was arrested twice based on the aforementioned warrant. In 2001, Gonzalez was arrested by the Elgin Police Department and held for one day until they determined that Gonzalez was not the defendant in People v. Gonzalez. In 2002, Gonzalez was pulled over in a traffic stop in Elgin and was again held for one day based on the warrant.

On March 10, 2005, Gonzalez was arrested by Defendant-Officers Matthew Heiden, William Sommer and Tim Greene of the Spring Valley Police Department, pursuant to the warrant. At the time of the March 10 arrest, Defendant-Officers had no basis to arrest Gonzalez, other than the warrant. After the arrest, Gonzalez was transferred to Cook County to be held at the Cook County Jail. However, during the intake procedure at the jail, it was discovered that Gonzalez was not the defendant in People v. Gonzalez; and Gonzalez was released.

On May 31, 2005, in order to prevent a recurrence of the March 10 incident, Gonzalez went to the Spring Valley Police station to report that his identity had been stolen. Gonzalez related the events of March 10 to the Spring Valley Police and explained that he was not the person sought on the warrant.

Six days later, on June 6, 2005, Gonzalez was again arrested by Spring Valley Police Officers and Defendants Fredrick Guerra and Edward Legenza of the Cook County Sheriff's Department. The arrest and subsequent detention was again based on the same warrant and there was no other basis to arrest or detain Gonzalez. Gonzalez alleges that the Spring Valley Police Officers knew that Gonzalez was not the person sought in the warrant but detained him anyway. Gonzalez was later transferred to the Cook County Jail and held there until July 15, 2005, after it was again determined that Gonzalez was not the defendant in People v. Gonzalez.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct.

3

1955, 1964 (2007). Second, the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

Spring Valley Defendants Heiden, Sommer and Greene argue that all claims against them should be dismissed because Plaintiff has not alleged that they were involved in the June 6, 2005 arrest. Plaintiff's suit arises only out of the June 6, 2005 arrest. Plaintiff does not allege that the March 10, 2005 arrest, made by Heiden, Sommer and Greene, violated Gonzalez's rights. Although the Complaint alleges that those officers took part in the March 10, 2005 arrest, with regard to the June 6, 2005 arrest, the Complaint merely states that Gonzalez was arrested by "Spring Valley police officers and Defendant-Officers Guerra and Legenza from the Cook County Sheriff's Department." Plaintiff, in her response to Defendants' motion to dismiss, specifically alleges that Defendants Heiden, Sommer and Greene participated in the June 6 arrest. However, those allegations were not present in the Complaint. *See Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 2004) (a brief in opposition to a motion to dismiss may not amend the complaint). Thus, Plaintiff has failed to state a claim against Defendants Heiden, Sommer and Greene.

Turning next to Plaintiff's claims against the Cook County Defendants, the Complaint does allege that Guerra and Legenza of the Cook County Sheriff's Department took part in the June 6, 2005 arrest. However, this arrest was pursuant to a facially valid warrant. An arrest of a person, when made pursuant to a valid warrant, does not violate the Fourth Amendment, even if

4

it turns out that the wrong individual was arrested, unless the arresting officer acted unreasonably. *White v. Olig*, 56 F.3d 817, 820 (7th Cir. 1995); *Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1987). Here, there has been no allegation that Defendants Guerra and Legenza acted unreasonably. Plaintiff's Complaint alleges that at the time of the June 6, 2005 arrest, "Spring Valley police officers knew that Gonzalez was not the person sought on the warrant he was being detained for, but detained him anyway." No such allegation is made with respect to Cook County Defendants Guerra or Legenza. Therefore, Plaintiff has not alleged a violation of the Fourth Amendment against Defendants Guerra and Legenza. Counts I and II against Defendants Guerra and Legenza are, therefore, dismissed.

Plaintiff also fails to state a due process claim against Defendants Guerra and Legenza. Count III of Plaintiff's Complaint claims "Defendant-Officers repeatedly and continuously arresting Gonzalez as described above was a violation of Gonzalez's due process rights as guaranteed by the Fourteenth Amendment." Plaintiff does not allege that Defendants Guerra and Legenza were involved in any arrest other than the June 6, 2005 arrest. Even if Plaintiff had pled this, Plaintiff's claims stemming from the June 6, 2005 arrest are properly brought under the Fourth Amendment rather than under the Due Process Clause of the Fourteenth Amendment. *See Tesch v. County of Green Lake*, 157 F.3d 465, 471-72 (7th Cir. 1998) (a plaintiff cannot use a substantive due process claim to circumvent the standards appropriate under the Fourth Amendment if his claim is covered by the Fourth Amendment). Thus, the due process claim against Defendants Guerra and Legenza based on repeated arrests must be dismissed.

Plaintiff has, however, sufficiently alleged a *Monell* claim against Defendant City of Spring Valley. Count IV of Plaintiff's Complaint alleges that Gonzalez was arrested pursuant to a custom, practice and/or policy of the City of Spring Valley. Specifically, Plaintiff alleges that the City of Spring Valley did not have a sufficient policy to verify whether a person arrested pursuant to an arrest warrant was the actual person named in the warrant and failed to properly train its officers in making that verification. As set out above, Plaintiff has alleged that six days before his arrest, he contacted the City of Spring Valley police to confirm with them that he was not the individual sought in the warrant. Plaintiff further alleges that the Spring Valley officers who arrested him on June 6, 2005, knew that he was not the individual sought in the warrant. This supports a claim of a violation of the Fourth Amendment, i.e., that an officer, with actual knowledge that an individual was not the person sought in an arrest warrant, arrested that individual nonetheless. Therefore, Plaintiff's allegations state a valid *Monell* claim against the City of Spring Valley.

Finally, because all claims against employees or agents of Spring Valley and Cook County have been dismissed, Count V, Plaintiff's claim for indemnification under 745 ILCS 10/9-102, must be dismissed, as well.

## CONCLUSION

For the reasons stated above, the Cook County Defendants' motion to dismiss is granted. The Spring Valley Defendants' motion to dismiss is granted with respect to Counts I, II, III and V and denied with respect to Count IV. Plaintiff is granted leave to file an amended complaint arising out of the conduct of Defendants Heiden, Sommer and Greene in the June 6, 2005 arrest, consistent with Rule 11, within 30 days of this order.

Dated: June 3, 2008

JOHN W. DARRAH
United States District Court Judge