UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYDIA RAMIREZ, as Special Administrator of the Estate of JUAN GONZALEZ, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SPRING VALLEY and COOK COUNTY, <br><br> Defendants. | No. 06 C 7032 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On December 20, 2006, Juan Gonzalez, now deceased, filed a Complaint, alleging false arrest and violations of due process, stemming from his arrest on June 6, 2005. The original complaint, which named as defendants only John Does and Jane Roes 1-20, was subsequently modified to name Cook County, the City of Spring Valley and individual employees of the Spring Valley Police Department and the Cook County Sheriff's Department and to substitute as Plaintiff, Lydia Ramirez, Special Administrator of Gonzalez's estate. On June 3, 2008, the Court granted a motion to dismiss claims against the individual Defendants. On June 25, 2008, Plaintiff Ramirez filed a Fifth Amended Complaint against the City of Spring Valley and Cook County, alleging a single claim under 42 U.S.C. § 1983 against each Defendant.

Cook County subsequently moved to dismiss the Fifth Amended Complaint, arguing that Cook County cannot be held responsible for the actions of the Cook County Sheriff. Plaintiff has conceded that she named the wrong party and seeks leave to substitute the Cook County Sheriff for Cook County. The Cook County Sheriff has also moved to dismiss the Plaintiff's claims as time-barred.

The statute of limitations for a § 1983 claim brought in federal court in Illinois is two years. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). The arrest, which Plaintiff claims violated Gonzalez's rights, occurred on June 6, 2005. Thus, the statute of limitations ran on June 6, 2007. Therefore, Plaintiff may amend her complaint to add the Sheriff as a defendant only if the amended complaint relates back to a pleading filed before June 6, 2007. Although Plaintiff has filed five amended complaints in this case, only one, the First Amended Complaint, was filed before June 6, 2007. Thus, Plaintiff's most recent complaint, the Fifth Amended Complaint, must relate back to the First Amended Complaint if Plaintiff is to be permitted to add the Cook County Sheriff as a Defendant.

Rule 15(c)(1) of the Federal Rules of Civil Procedure allows amended pleadings to relate back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c)(1)(B) is satisfied when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B). The Seventh Circuit has interpreted Rule 15(c) to permit an amendment to relate back only where "there has been an error made concerning the identity of

the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (*King*) (quoting *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (1998) (*Baskin*).

The First Amended Complaint sets out essentially the same factual background regarding the arrest of Gonzalez and the events that led up to the arrest as the Fifth Amended Complaint. Thus, Rule 15(c)(1)(B) is satisfied. The First Amended Complaint also names Cook County as a Defendant. The question under Rule 15(c)(1)(C) is, therefore, whether Plaintiff made a mistake concerning the identity of the proper party and whether the Cook County Sheriff knew or should have known that the suit would have been brought against the Sheriff but for that mistake.

Taking these elements separately, the Court must first determine if Plaintiff made a mistake concerning the identity of the proper party. Defendant argues that in situations where a plaintiff cannot determine the identity of the proper defendants before the statute of limitations runs, relation back is not available if the correct identities are later discovered. Defendants are correct that a mistake concerning identity is not the same as "a simple lack of knowledge of the identity of the proper party." *Baskin*, 138 F.3d at 704-05. A plaintiff cannot bring suit against "unknown officers" and then later amend the complaint to name those officers after the statute of limitations has run. *See King*, 201 F.3d at 914.

However, that is not the situation presented here. While the original complaint did originally name only "John Does and Jane Roes 1-20," the First Amended Complaint identified the Defendants by name, including Cook County and two officers of the Cook County Sheriff's Department. Thus, this is not a case in which Plaintiff lacked information regarding the correct Defendant. Rather, it is a case in which Plaintiff sued the wrong defendant. Specifically, he

3

sued Cook County rather than the Cook County Sheriff. This qualifies as an error concerning the identity of the proper party under Rule 15(c)(1)(C). *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 560-61 (7th Cir. 1996); *King*, 201 F.3d at 914.

The only remaining question is whether the Cook County Sheriff knew or should have known that but for the mistake, he would have been named as a Defendant in the suit. This requirement is easily met here. As noted above, the First Amended Complaint named two Officers of the Cook County Sheriff's Department. Thus, the Cook County Sheriff was aware of this suit. The First Amended Complaint also named Cook County as a defendant, seeking to hold it liable for actions of the Cook County Sheriff's Department. Therefore, the Cook County Sheriff knew or should have known that but for the mistake, he would have been named as a Defendant.

Thus, relation back under Rule 15(c)(1)(C) is proper. Plaintiff's motion to substitute is granted. Defendants' motion to dismiss the suit as time-barred is denied.

Dated: January 21, 2009

JOHN W. DARRAH
United States District Court Judge